*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMBER MARIE ABRAHAM,

      Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellant,

and

ENTERPRISE LEASING COMPANY OF
DETROIT, LLC,

      Defendant-Appellee,

and

ENTERPRISE LEASING COMPANY OF
DETROIT, EAN HOLDINGS, LLC, EAN
HOLDINGS GROUP LLC, KIRKA HOLDINGS
GROUP, LTD, and NEXEN CORPORATION,

      Defendants.

FOR PUBLICATION
July 28, 2022
9:15 a.m.

No. 356748
Wayne Circuit Court
LC No. 19-014073-NF

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

HOOD, J.

      Defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals by leave granted[1] from the trial court order granting summary disposition in favor of defendant Enterprise Leasing Company of Detroit, LLC (Enterprise), and denying State Farm's

---

[1] *Abraham v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered August 10, 2021 (Docket No. 356748).

countermotion for summary disposition. On appeal, State Farm argues that the trial court erred when it granted Enterprise summary disposition and denied State Farm summary disposition, because Enterprise and defendant Nexen Corporation (Nexen) were both "owners" of the vehicle involved in the accident, under the no-fault act, MCL 500.3101 *et seq*. State Farm also argues Enterprise is first in priority for payment of personal-protection-insurance (PIP) benefits for plaintiff, Amber Marie Abraham, because she was driving a vehicle "owned" by Nexen, and Enterprise was the insurer of the vehicle. We reverse and remand.

## I. BACKGROUND

This case arises out of a December 2018 motor vehicle accident in which Abraham was injured. Nexen is a business that provides delivery services for household goods, and Abraham worked for Nexen as a driver delivering Amazon packages. At the time of the accident, Abraham was driving a 2018 Ford Transit (Transit) that Nexen provided to her. While Abraham drove through a green light at an intersection in Detroit, another vehicle turned left in front of the Transit. Abraham was unable to stop, and the vehicles collided. Abraham's personal vehicle was insured through a policy with State Farm at the time of the accident. Enterprise held legal title to the Transit, and was self-insured, but denied issuing an insurance policy for the Transit. Nexen rented the Transit from Enterprise through a continuing series of 28-day rental agreements. At the end of each rental period, the rental agreement was "closed out and rewritten." Nexen remained in possession of the Transit for nearly six months, and did not return the vehicle to Enterprise between lease periods.

Abraham sought payment of PIP benefits, relating to injuries from the motor vehicle accident, from State Farm, Enterprise, Nexen, and defendants Enterprise Leasing Company of Detroit, EAN Holdings, LLC, EAN Holdings Group, LLC, and Kirka Holdings Group, Ltd. When she was unsuccessful, she sued defendants for those benefits. Only State Farm and Enterprise are involved in this appeal.

Enterprise moved for summary disposition, arguing MCL 500.3114(3) was inapplicable to this case, and therefore, State Farm, not Enterprise, was first in priority for payment of Abraham's PIP benefits. State Farm filed a countermotion for summary disposition and argued that Nexen and Enterprise were both "owners" of the Transit under the no-fault act, and Enterprise was the insurer of the Transit. Thus, State Farm contended, Enterprise was first in priority for payment of Abraham's PIP benefits. The trial court granted summary disposition in favor of Enterprise after determining that Abraham "was not occupying a vehicle owned or registered by her employer [Nexen] at the time of the accident . . . ." State Farm moved for reconsideration, and the trial court denied relief. State Farm now appeals.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Enterprise moved for summary disposition under MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (citation omitted). Such a motion

-2-

"may only be granted when there is no genuine issue of material fact." *Id*. at 159 (citation omitted). State Farm's countermotion for summary disposition was filed under MCR 2.116(I)(2). "[A] trial court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if it determines that the opposing party, rather than the moving party, is entitled to judgment." *Ingham Co v Mich Co Rd Comm Self-Ins Pool*, 321 Mich App 574, 580; 909 NW2d 533 (2017) (quotation marks and citation omitted).

Questions of statutory interpretation are reviewed de novo. *Mich Ass'n of Home Builders v Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019). When interpreting statutory language, this Court must "ascertain the legislative intent that may reasonably be inferred from the words in a statute." *Id*. (quotation marks and citations omitted). "[W]here the statutory language is clear and unambiguous, the statute must be applied as written." *Id*. (quotation marks and citations omitted; alteration in original).

## III. LAW AND ANALYSIS

State Farm argues that the trial court erred in granting summary disposition to Enterprise and denying State Farm's countermotion for summary disposition because, under the no-fault act, Enterprise and Nexen were both "owners" of the Transit, and Enterprise is first in priority for payment of Abraham's PIP benefits. We agree.

MCL 500.3114[2] governs priority regarding PIP benefits. As a general proposition, an injured party should look to their own personal no-fault policy when seeking PIP benefits after an accident. See MCL 500.3114(1). If the individual was occupying a vehicle "owned or registered" by their employer, however, they must look to the insurer of the furnished vehicle:

> (3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle. [MCL 500.3114(3).]

Under MCL 500.3101(1), owners of motor vehicles must maintain security for the payment of PIP benefits. The questions here, therefore, are whether Nexen and Enterprise constitute "owners" of the Transit, and whether Enterprise is higher in priority than State Farm for the payment of Abraham's PIP benefits.

### A. OWNERSHIP OF THE TRANSIT

#### 1. NEXEN AS AN "OWNER"

---

[2] The no-fault act was amended in 2019. See 2019 PA 21. But because the accident occurred in 2018, the prior version of the statute applies. See *Johnson v Pastoriza*, 491 Mich 417, 429; 818 NW2d 279 (2012) (stating that statutes are presumed to operate prospectively unless the Legislature manifests a contrary intent).

State Farm first argues that, under MCL 500.3114(3)(*l*)(*i*), Nexen is an "owner" of the Transit because it had use of the Transit for more than 30 days before the accident. We agree.

MCL 500.3101(3)(*l*) defines "owner," in part, as:

> (*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

* * *

> (*iii*) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days. [MCL 500.3101(3)(*l*)(*i*) and (*iii*).]

MCL 500.3101(3)(n) defines a "registrant":

> (n) "Registrant" does not include a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is longer than 30 days.

With respect to MCL 500.3101(3)(*l*), this Court has determined that an individual need not possess legal title of a vehicle to be considered an "owner" under the no-fault act. See *Chop v Zielinski*, 244 Mich App 677, 681; 624 NW2d 539 (2001) (determining that "[t]he fact that [the] plaintiff was not awarded legal title of the car pursuant to the divorce judgment is not dispositive of whether she may be considered an 'owner' under the no-fault act."). This Court has also held that "[t]here may be multiple owners of a vehicle for purposes of the no-fault act." *Id*. (citation omitted).

Under MCL 500.3101(3)(*l*)(*i*), to be an "owner" of a vehicle for purposes of the no-fault act, an individual must rent or have use of a motor vehicle, under a lease or otherwise, for more than 30 days. Enterprise argues that Nexen was not an "owner" of the Transit because each rental agreement was for a period of 28 days, not 30 days. Enterprise is mistaken. MCL 500.3101(3)(*l*)(*i*) does not require an individual to have use of the vehicle explicitly through a lease or rental agreement. Rather, MCL 500.3101(3)(*l*)(*i*) expressly states that the individual must have use of the vehicle "under a lease *or otherwise*," for more than 30 days (emphasis added). This Court must discern the Legislature's intent, as may reasonably be inferred from the plain language of the statute. *Mich Ass'n of Home Builders*, 504 Mich at 212. The statute's use of the phrase "or otherwise" indicates the Legislature intended the statute to apply to individuals who have use of a vehicle for more than 30 days in situations other than leases or rentals. See *Chop*, 244 Mich App at 682 (rejecting the plaintiff's argument that she could not be an "owner" under MCL 500.3101(2)(g)(*i*) because the section only applies to lease agreements, rental agreements, or other such transactions, and concluding that use of the phrase "or otherwise" indicated the Legislature intended that section to apply "in situations other than those involving leases or rentals."). Nexen, therefore, could be considered an "owner" of the Transit under MCL 500.3101(3)(*l*)(*i*) if it had use

-4-

of the Transit for more than 30 days, regardless of whether the rental agreement in effect at the time of the accident was for only 28 days.

This interpretation of the statute is further supported by our Supreme Court's decision in *Twichel v MIC Gen Ins Corp*, 469 Mich 524; 676 NW2d 616 (2004). There, our Supreme Court determined that "it is not necessary that a person actually have used the vehicle for a thirty-day period before a finding may be made that the person is the owner." *Id*. at 530. Instead, our Supreme Court found that "the focus must be on the nature of the person's right to use the vehicle." *Id*. The *Twichel* Court further determined that "if the lease or other arrangement under which the person has use of the vehicle is such that the right of use will extend beyond thirty days, that person is the 'owner' from the inception of the arrangement . . . ." *Id*. at 531.

It is undisputed that Nexen had a rental agreement, which applied at the time of the accident, providing for the use of the Transit for 28 days. Before that agreement, Nexen had several other rental agreements with Enterprise, each for 28 days, related to the Transit. Specifically, the record indicates that Nexen rented the Transit from Enterprise beginning in June 2018, and kept the Transit until January 16, 2019. The record also indicates that Nexen did not return the Transit to Enterprise at the end of each rental agreement. Instead, Nexen kept possession of the Transit and Enterprise simply rewrote the rental agreement. Thus, the arrangement between Nexen and Enterprise gave Nexen use of the vehicle for approximately six months before the accident, a period significantly longer than the 30 days required by MCL 500.3101(3)(*l*)(*i*). Consistent with *Twichel*, and despite the 28-day period established by the individual rental agreements, because Nexen had use of the Transit for more than 30 days before the accident, Nexen qualifies as an "owner" of the Transit under MCL 500.3101(3)(*l*)(*i*). *Twichel*, 469 Mich at 530-531. Accordingly, the trial court erred in finding that Nexen was not an owner of the Transit.

## 2. ENTERPRISE AS AN "OWNER"

Next, State Farm argues that Enterprise was also an "owner" of the Transit, and the fact that Nexen is an owner does not preclude a finding that Enterprise is also an owner. Enterprise, on the other hand, relies on MCL 500.3101(3)(*l*)(*iii*) and (n) to argue it is not an "owner" or "registrant" of the Transit if Nexen is considered an "owner," because Nexen had use of the Transit for more than 30 days before the accident. We agree with State Farm.

MCL 500.3101(3)(*l*)(*iii*) only excludes from the definition of "owner" "a person engaged in the business of leasing motor vehicles" if they are "the lessor of a motor vehicle . . . under a lease that provides for the use of the motor vehicle . . . by the lessee that is greater than 30 days." MCL 500.3101(3)(n) has a nearly identical caveat with respect to a "registrant" of a vehicle. Therefore, if the Transit was leased to Nexen "under a lease that provides for the use of" the Transit for more than 30 days, Enterprise would not be an "owner" or "registrant" of the Transit, under MCL 500.3101(3)(*l*)(*iii*) and (n). This interpretation is supported by the plain language of MCL 500.3101(3)(*l*)(*iii*) and (n), because each references a single lease, not multiple leases.

As discussed, although the agreement in effect at the time of the accident provided for Nexen to lease the Transit for a lease period of 28 days, the record reflects that Nexen had use of the Transit for more than 30 days. Each rental agreement regarding the Transit was rewritten every 28 days, and at the end of the rental period, the rental agreement would be "closed out and

rewritten." Thus, Enterprise entered into 28-day rental agreements with Nexen, and closed each agreement before entering into a new agreement. Therefore, there was no single lease providing Nexen the use of the Transit for more than 30 days. MCL 500.3101(3)(*l*)(*iii*) and (3)(n) unambiguously reference a single lease, not one or more leases, that provides for the use of the motor vehicle for a period greater than 30 days. When statutory language is unambiguous, this Court must apply the statute as written. See *Mich Ass'n of Home Builders*, 504 Mich at 212. In this case, Enterprise chose to lease the vehicle for 28 days, and then close the lease and begin a new one. And although Nexen had *use* of the vehicle for more than 30 days, there is no *single lease* spanning more than 28 days.

Unlike MCL 500.3101(3)(*l*)(*i*), subsection (*l*)(*iii*) only precludes a lessor from being an "owner" of a vehicle when a lease provides for the lessee's use of the vehicle for more than 30 days. MCL 500.3101(3)(*l*)(*iii*) does not include the phrase "or otherwise" that is present in subsection (3)(*l*)(*i*). It also lacks language requiring an individual to "have use" of the vehicle for a certain amount of time, other than the use provided by a lease. Compare MCL 500.3101(3)(*l*)(*i*) with MCL 500.3101(3)(*l*)(*iii*). This Court "reads subsections of cohesive statutory provisions together." *Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 458; 965 NW2d 232 (2020) (citation and quotation marks omitted). So, when reading MCL 500.3101(3)(*l*)(*i*) and (3)(*l*)(*iii*) as a whole, there must be a single lease providing the requisite use (30 days or more) of the Transit to Nexen for Enterprise to be excluded from the definition of "owner" of the Transit. Because the lease at issue provides for Nexen's use of the Transit for 28 days, not 30, Enterprise is also considered an "owner" of the Transit. Accordingly, the trial court erred in granting Enterprise's summary disposition motion and denying State Farm's countermotion.

## B. PRIORITY

Finally, State Farm argues that Enterprise is first in priority for payment of Abraham's PIP benefits because Enterprise insured the Transit. We agree.

Typically, "an individual must seek no-fault benefits from [their] own insurer unless one of the exceptions enumerated in MCL 500.3114(2), (3), or (5) applies." *Farmers Ins Exch v Farm Bureau Gen Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006) (citation omitted). To seek benefits from the insurer of a furnished vehicle, an employee must suffer an injury while occupying a motor vehicle owned by their employer. See MCL 500.3114(3). It is undisputed that Abraham suffered injuries while driving the Transit, which was furnished to her by her employer, Nexen. As discussed earlier, Nexen is an "owner" of the Transit, and thus, MCL 500.3114(3) applies to this case because Abraham was injured while operating a vehicle "owned" by her employer. We also concluded that Enterprise is an "owner" of the Transit, and there is no dispute that Enterprise is self-insured. The question, then, is whether Enterprise is the insurer of the Transit. We conclude that it is.

Enterprise maintains that if Nexen was an "owner" of the Transit, then Enterprise was not required to maintain no-fault coverage for the Transit, under MCL 500.3101, because it was not an "owner," since Nexen rented the Transit for more than 30 days. MCL 500.3101(1) requires "owner[s] or registrant[s]" of a vehicle to be registered in Michigan and "maintain security for payment of benefits under personal protection insurance." Enterprise is correct in noting that if it

-6-

was not an "owner" of the Transit, then it would not be required to maintain no-fault coverage over the Transit for the accident.

As we concluded, however, there can be more than one "owner" of a vehicle under the no-fault act. *Chop*, 244 Mich App at 681. Enterprise and Nexen, therefore, may both be considered "owners" of the Transit. Nexen's status as "owner" does not impact Enterprise's status, because Nexen's classification as an owner is derived from its use of the Transit, not from the lease agreement in effect at the time of the accident. As discussed earlier, Enterprise would not be considered an "owner" if Enterprise rented the Transit to Nexen under a lease or rental agreement that provided for Nexen's use of the Transit for more than 30 days. But because Nexen and Enterprise entered into multiple, separate 28-day rental agreements, in which the earlier agreement was closed out before the new agreement began, there is no single lease providing Nexen with use of the Transit for more than 30 days. Enterprise, therefore, was an "owner" of the Transit. It was responsible for maintaining no-fault coverage for the vehicle at the time of the accident, MCL 500.3101(1), as a self-insured entity. And Enterprise is first in priority for payment of Abraham's PIP benefits. See MCL 500.3114(3).

The purpose of MCL 500.3114(3) also supports this conclusion. MCL 500.3114(3) is an exception to the general rule that an injured individual typically recovers no-fault benefits from their personal insurer. See MCL 500.3114(1). This Court has recognized that MCL 500.3114(3) relates to commercial situations, and with respect to commercial situations, "[i]t was apparently the intent of the Legislature to place the burden of providing no-fault benefits on the insurers of these motor vehicles, rather than on the insurers of the injured individual." *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 698; 671 NW2d 89 (2003) (citation omitted). Because Enterprise is self-insured, and was an "owner" of the Transit, Enterprise was required to maintain no-fault coverage for the Transit, and is the insurer for purposes of MCL 500.3114(3). The trial court erred in finding otherwise.

Relying on *Turner v Farmers Ins Exch*, 507 Mich 858; 953 NW2d 204 (2021), Enterprise maintains that it is not the insurer of the Transit. In *Turner*, our Supreme Court determined that the use of the word "insurer" in MCL 500.3114(3) "refers *only* to a particular insurer that has agreed to provide no-fault insurance to an owner or registrant as required by MCL 500.3101(1) or MCL 500.3102(1)." *Id*. at 860 (emphasis in original). Our Supreme Court further determined that "where no such insurer exists, there can be no insurer of the furnished vehicle . . . ." *Id*. (quotation marks and citation omitted). In *Turner*, the vehicles in question were not operated in the state for more than 30 days, and thus, the defendant insurer was not required to have no-fault coverage for the vehicles. *Id*. Accordingly, our Supreme Court concluded that the defendant insurer was not an "insurer of the owner or registrant of the vehicle occupied." *Id*.

Enterprise's reliance on *Turner* is misplaced, in part, because the issues there dealt with whether the vehicles had operated in Michigan for 30 or more days, thereby requiring coverage. See *Turner*, 507 Mich at 860. The issues here deal instead with whether the lease provides for use of the vehicle by the lessee for 30 days or more. This case is further distinguishable from *Turner* because the record demonstrates that Nexen employees operated the Transit exclusively in Michigan for well beyond 30 days. *Turner* also held that the "insurer" contemplated by MCL 500.3114(3) is one who provides no-fault insurance to *an owner or registrant* of the vehicle. The word "an," as opposed to "the," supports the conclusion that there can be more than one owner of

an employer-furnished vehicle. That is the case here; the Transit is owned, for purposes of the no-fault act, by both Nexen and Enterprise. Enterprise is self-insured, and therefore, is an insurer contemplated by MCL 500.3114(3). Because Nexen does not have a no-fault insurer of its own, Enterprise is the other insurer at issue, and Enterprise is self-insured and owns the Transit, it is an insurer of the furnished vehicle. Accordingly, Enterprise is higher priority than State Farm and is liable for paying Abraham's no-fault benefits under MCL 500.3114(3).[3]

## IV. CONCLUSION

Reversed and remanded. We do not retain jurisdiction.


/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[3] We note that it is not the relevant statutes that have generated this result. Any inconsistency or issue here is the result of the contracts between Enterprise and Nexen, not the statutory language. It appears, to us, that Enterprise and Nexen sought to shift the burden of paying PIP benefits to the injured party's personal insurer but, instead, entered contracts producing the opposite effect.